# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2032

_____

Richard Lion,                                   *
                                                *
            Appellant,                          *
                                                *   Appeal from the United States
      v.                                        *   District Court for the Eastern
                                                *   District of Arkansas.
Rita Maxwell, Warden, individually              *
and in her official capacity,                   *        **[UNPUBLISHED]**
                                                *
            Appellee.                           *

_____

Submitted:  November 7, 2002
Filed:  December 3, 2002

_____

Before LOKEN, BYE, and RILEY, Circuit Judges.

_____

PER CURIAM.

Richard Lion appeals the district court's[1] adverse grant of summary judgment in his 42 U.S.C. § 1983 action.  We affirm.

Lion claimed his constitutional rights were violated by Rita Maxwell, Warden of the Ronald McPherson Correctional Facility in Arkansas.  Maxwell imposed a 90-day ban on incoming correspondence from Lion to two inmates incarcerated at the

_____

[1]The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas.

correctional facility, after Lion mailed the inmates photographs that Maxwell determined were pornographic. Only the ban on correspondence to one of the inmates is the subject of this lawsuit.

Viewing the facts most favorably to Lion, we agree that summary judgment for Maxwell was appropriate. See Naucke v. City of Park Hills, 284 F.3d 923, 927 (8th Cir. 2002) (reviewing grant of summary judgment de novo, and viewing record in light most favorable to nonmoving party). Prison officials may restrict incoming correspondence from nonprisoners under regulations that are reasonably related to legitimate penological interests. See Thornburgh v. Abbott, 490 U.S. 401, 413-14 (1989). A reasonable prison official in Maxwell's position would not have known that the brief and limited ban--during which Lion had ample alternative methods for communicating with the inmates--violated Lion's clearly established constitutional rights. Accordingly, Maxwell is immune from liability for damages for her conduct. See Sparr v. Ward, 306 F.3d 589, 593 (8th Cir. 2002) (explaining qualified immunity: official performing discretionary functions is generally immune from liability unless a reasonable person in her position would have known her actions violated clearly established law).

Qualified immunity does not shield officials from equitable relief. Grantham v. Trickey, 21 F.3d 289, 295 (8th Cir. 1994). However, because the ban has expired, any claim Lion asserted for injunctive relief is moot. See Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983) (per curiam) (federal court has jurisdiction only over actions that present actual case or controversy).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.